# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| JODY TATE,<br><br>        **Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:13-cv-74-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Jody Tate's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. On June 14, 2010, Plaintiff applied for DIB and SSI, alleging disability beginning on January 29, 2010.[1] Plaintiff's application was denied initially and upon reconsideration.[2] Thereafter, Plaintiff

---

[1] *See* docket no. 14-15, Administrative Record ("Tr. ____") 332-346.

[2] *See* Tr. 238-241.

requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on December 28, 2011.[4] January 4, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[5] On March 20, 2013, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On May 17, 2013, Plaintiff filed his complaint in this case, which was assigned preliminarily to Magistrate Judge Warner.[7] The Commissioner filed her answer and the Administrative Record on August 6, 2013.[8] On August 8, 2013, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[9] Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[10] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

---

[3] *See* Tr. 273-277.

[4] *See* Tr. 191-230.

[5] *See* Tr. 168-190.

[6] *See* Tr. 1-7.

[7] *See* docket no. 2.

[8] *See* docket nos. 12, 14-15.

[9] *See* docket nos. 17.

[10] *See id*.

Plaintiff filed his opening brief on February 7, 2013.[11] The Commissioner filed her answer brief on March 3, 2014.[12] Plaintiff filed his reply brief on March 25, 2014.[13]

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a

---

[11] *See* docket no. 21.

[12] *See* docket no. 22.

[13] *See* docket no. 23.

determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## **ANALYSIS**

In support of his claim that the Commissioner's decision should be reversed, Plaintiff presents several arguments. Among other things, Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by failing to comply with Social Security Regulation ("SSR") 00-4p. *See* SSR 004-p. That argument is dispositive of Plaintiff's appeal because it mandates reversal. Accordingly, the court will address only that argument here and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

Plaintiff argues that the ALJ erred at step five of the sequential evaluation process because the jobs that the VE testified Plaintiff could perform, and that the ALJ eventually concluded Plaintiff could perform, have requirements in the Dictionary of Occupational Titles ("DOT") that are inconsistent with Plaintiff's RFC. Accordingly, Plaintiff argues that the ALJ by failing to comply with SSR 00-4p.

Pursuant to SSR 00-4p, before an ALJ relies upon a VE's testimony to support a disability determination, he must identify and obtain a reasonable explanation for any conflicts between the VE's testimony and the DOT, as well as explain in his decision how any such conflicts were resolved. *See* SSR 00-4p; *see also Haddock v. Apfel*, 196 F.3d 1084, 1089-92 (10th Cir. 1999). SSR 00-4p provides that the ALJ has an "affirmative responsibility" to ask the VE about any possible conflicts between the VE's testimony and the DOT. SSR 00-4p. If a VE's testimony appears to conflict with the DOT, the ALJ must then obtain a reasonable explanation for the apparent conflict. *See id*.

In this case, the ALJ decision provides, in relevant part, that Plaintiff's RFC includes the ability to "reach overhead not more than 20% of the day."[14] The ALJ included that limitation in the hypothetical he provided to the VE.[15] The VE testified, and the ALJ eventually concluded, that Plaintiff could perform the jobs contained in DOT 209.587-010 (addresser) and DOT 706.687-010 (assembler, production). Plaintiff argues that those jobs conflict with the DOT because they require frequent reaching, which means reaching that "exists from 1/3 to 2/3 of the time." DOT 209.587-010, 706.687-010. As such, Plaintiff contends that the ALJ erred by failing to inquire about that conflict with the VE and obtain a reasonable explanation for the conflict. *See* SSR 00-4p.

The court agrees with Plaintiff. Both Plaintiff's RFC and the hypothetical provided to the VE clearly indicate that Plaintiff is limited to reaching overhead no more that 20% of a workday. The jobs identified by the VE and the ALJ conflict with that limitation because they require a

---

[14] Tr. 175.

[15] *See* Tr. 224.

greater ability to reach in a workday. The court concludes that the ALJ was required to inquire about that conflict with the VE and obtain a reasonable explanation for the conflict. *See* SSR 00-4p. Failing to do so constitutes reversible error. *See id.*; *see also Haddock*, 196 F.3d at 1089-92.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that the ALJ committed reversible error in this case. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge